# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: December 28, 2016

```
* * * * * * * * * * * *
ANUP PARIKH, M.D.,              *
                                *      UNPUBLISHED
             Petitioner,        *
                                *      Special Master Gowen
v.                              *
                                *      No. 14-894v
SECRETARY OF HEALTH             *
AND HUMAN SERVICES,             *      Interim Attorneys' Fees and Costs;
                                *      Adjusted Paralegal Rate
             Respondent.        *
* * * * * * * * * * * *
```

Nancy Routh Meyers, Ward Black Law, Greensboro, NC, for petitioner.
Lisa Ann Watts, United States Department of Justice, Washington, DC, for respondent.

### DECISION GRANTING INTERIM ATTORNEYS' FEES AND COSTS[1]

On September 23, 2014, Anup Parikh, M.D. ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] Petitioner alleged that as a result of receiving an influenza ("flu") vaccination on October 3, 2012, he suffered small fiber sensory Guillain-Barré syndrome (GBS), depression, and chronic insomnia. Petition at ¶¶1-5. Petitioner incurred expenses from filing this claim, obtaining his medical records, and seeking opinions from two of his treating physicians. Petitioner retained an economist, Mr. Ward Zimmerman, who has completed three rounds of economic analysis. Petitioner also retained a life care planner, Cynthia Wilhelm. The case is scheduled for mediation on March 1, 2017.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012)(Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to 34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

On December 16, 2016, petitioner filed a motion requesting an interim award of $73,950.00 in attorneys' fees and $31,973.62 in attorneys' costs, for a total of $105,923.62 in attorneys' fees and costs. Petitioner's ("Pet.") Motion ("Mot.") at 1-2. Respondent filed a response to petitioner's motion on December 20, 2016. It states: "Respondent defers to the special master to determine whether or not petitioner has met the legal standard for an interim fees and costs award." Respondent's ("Resp.") Response at 2 (internal citation omitted). Respondent "respectfully recommends that the Special Master exercise his discretion and determine a reasonable award for interim attorneys' fees and costs." Id. On December 21, 2016, petitioner filed a reply concurring with respondent. On December 22, 2016, petitioner filed a signed statement that to date, he has not incurred any fees or costs related to the prosecution of this petition, consistent with General Order #9. Pet. Gen. Order #9 Statement. This matter is now ripe for adjudication. **After careful consideration, the undersigned has determined to grant the request for interim attorneys' fees and costs in part.**

## I.   Interim Attorneys' Fees and Costs

The Vaccine Act permits an award of reasonable attorneys' fees and costs under 42 U.S.C. section 300aa-15(e). In addition, interim attorneys' fees and costs are permissible under the Vaccine Act. See Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008); see also Shaw v. Sec'y of Health & Human Servs., 609 F.3d 1372 (Fed. Cir. 2010). When a petitioner has yet to prove entitlement, a special master "may award an amount of compensation" for reasonable attorneys' fees and costs "if the special master . . . determines that the petition was brought in good faith and there was a reasonable basis for the claim." 42 U.S.C. § 300aa-15(e)(1)(B); Sebelius v. Cloer, 133 S. Ct. 1886, 1893 (2013). While respondent defers to the special master regarding whether an award of interim fees is appropriate in this case, respondent otherwise "is satisfied that the statutory and other legal requirements for an award of attorneys' fees and costs are met," and the undersigned finds that the claim was brought in good faith and with a reasonable basis. Resp. Response at 2.

In Avera, the Federal Circuit stated that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." 515 F.3d at 1352. In Shaw, the Federal Circuit held that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." 609 F.3d at 1375. This case was filed on September 23, 2014, more than two years ago. Petitioner has invested significant time towards advancing his claim. He has also incurred significant costs towards obtaining medical records and the opinions of multiple experts. The case is scheduled for a mediation on March 1, 2017. Although the parties appear committed to resolving the case, it has not occurred yet. If for whatever reason, the case must proceed to an entitlement hearing, it will probably not occur before June 2018, due to the volume of petitions currently in the Program and constraints on the undersigned's time. The issuance of an entitlement decision following hearing would likely take several additional months, and then damages would need to be resolved. Because of the large investment of time and costs thus far, and the possibility that the mediation does not quickly resolve all remaining issues, the undersigned finds that it is appropriate to award interim attorneys' fees and costs at this time.

## II. Reasonable Attorneys' Fees and Costs

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Avera, 515 F.3d at 1349. Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348. The determination of reasonable attorneys' fees and costs is within the special master's discretion. Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1520 (Fed. Cir. 1993). Special masters may rely on their prior experience in reviewing fee applications. See id., 3 F.3d at 1521 (citing Farrar v. Sec'y of Health & Human Servs., No. 90-1167V, 1992 WL 336502 at *2-3 (Fed. Cl. Spec. Mstr. Nov. 2, 1992)).

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton, 3 F.3d at 1521 (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). The requirement that attorneys' fees be reasonable also applies to costs. McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323, *5 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (citing Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (1992).

### i. Hourly Rates

Petitioner requests that Ms. Nancy Routh Meyers receive a rate of $350.00 per hour for work performed from 2014 to 2016. Pet. Mot., Ex. A at 1. According to her firm's website, Ms. Meyers has been continually employed as a lawyer since 1996. She surpassed twenty years of experience in 2016. Therefore, the requested rate is consistent with the ranges set forth for an attorney with her experience in McCulloch v. Sec'y of Health & Human Servs., No. 09-293v, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. September 1, 2015).

Petitioner requests $150.00 per hour for work performed between 2014 to 2016 by Ms. Sherry Hensley and Ms. Lisa Hobbs. Pet. Mot., Ex. A at 1. The firm's website identifies Ms. Hensley as a case manager and the time entries identify her as a legal assistant. The firm's website and the time entries both identify Ms. Hobbs as a paralegal. Their respective levels of education and experience are unclear. In McCulloch, the undersigned awarded $135.00 per hour for work performed by paralegals, where each paralegal had graduated from college and exclusively worked on vaccine cases. The Office of Special Masters has also promulgated a fee schedule stating that the appropriate range for paralegals is $125.00 to $145.00 per hour. Accordingly, the undersigned will award a rate of $125.00 per hour for Ms. Hensley and Ms. Hobbs. See also Shell v. Sec'y of Health & Human Servs., No. 13-692v, 2016 WL 6081829 at *3 (Fed. Cl. Spec. Mstr. Sept. 21, 2016) (awarding $125.00 per hour absent a showing that paralegals were "registered" or "certified").

3

### ii. Hours Expended

Ms. Nancy Meyers has billed 183.9 hours on this case thus far. Ms. Sherry Hensley and Ms. Lisa Hobbs have billed 63.9 hours thus far. Pet. Mot., Ex. A at 1. As noted above, counsel must submit fee requests that include contemporaneous and *specific* billing records indicating the services performed, the number of hours expended on the service, and the name of the person performing the service. In this case, counsel represents a petitioner with an atypical form of GBS. Previous Vaccine Program decisions have been issued both in favor and against petitioners alleging that they developed from GBS as a result of the flu vaccine. In the present case, Ms. Meyers filed a detailed petition and considerable medical records, as well as a brief report from his treating neurologist, Dr. Ginny Tavee, which provides a diagnosis and a theory of molecular mimicry. She also expended considerable time working with petitioner, the experts, and respondent's counsel in an effort to resolve damages.

The time entries appear to be for reasonable components of preparing petitioner's case. Ms. Meyers and her staff made separate time entries for specific tasks. Based on this level of detail, I can conclude that the overall hours expended are reasonable. Accordingly, I will not make any deductions in time.

### iii. Costs

Petitioner requests $31,973.62 in attorneys' costs. Pet. Mot. at 1. The requested costs are primarily to compensate economist Mr. Ward Zimmerman; life care planner Dr. Cynthia L. Wilhelm; and petitioner's treating physicians Dr. Robert C. Bowen and Dr. Howard Mandell. See Pet. Mot. Ex. B at 1. Other costs are for filing the claim, obtaining petitioner's medical records, and travel in connection with the case. Id. I find that the requested costs are reasonable and will not make any deductions.

## III. Conclusion

In conclusion, the undersigned finds that it is appropriate to award interim attorneys' fees and costs, and that the following amounts are reasonable:

| | |
|---|---|
| Requested Attorneys' Fees: | $73,950.00 |
| Less paralegal rate reduction: | - $1,597.50 |
| **Attorneys' Fees Awarded:** | **$72,352.50** |
| **Costs Awarded:** | **$31,973.62** |
| **Total Fees & Costs Awarded:** | **$104,326.12** |

**Accordingly, the court awards:**

**(1) A lump sum of $104,326.12 in the form of a check payable jointly to petitioner and petitioner's counsel of record, Ms. Nancy Routh Meyers, for attorneys' fees and costs.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment forthwith.[3]

**IT IS SO ORDERED.**

s/Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.