# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: June 6, 2017
Amended for Posting: June 7, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * | | UNPUBLISHED |
| A.P., | * | |
| | * | No. 14-894v |
| Petitioner, | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Motion to Redact Public Decision; |
| AND HUMAN SERVICES, | * | Motion Filed Out of Time. |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * | | |

Nancy R. Meyers, Ward Black Law, Greensboro, NC, for petitioner.
Lisa A. Watts, United States Department of Justice, Washington, D.C., for respondent.

### ORDER ON PETITIONER'S MOTION TO REDACT PUBLIC DECISION[1]

On June 1, 2017, A.P. ("petitioner") filed a motion to redact the decision awarding interim attorneys' fees and costs. Petitioner's Motion (ECF No. 71). Because the motion was filed out of time, it is **DENIED.**

### I. Procedural History

On September 23, 2014, petitioner, using his full name, filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). Petitioner alleged that as a result of receiving an influenza ("flu") vaccination on October 3, 2012, he suffered small fiber sensory Guillain-Barré syndrome ("GBS"), depression, and chronic insomnia. Petition at ¶¶1-5.

---

[1] Because this order contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this order on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to 34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On December 16, 2016, petitioner filed a motion for interim attorneys' fees and costs, which the undersigned granted on December 28, 2016. Decision - Interim Attorneys' Fees and Costs (ECF No. 53). The decision summarized petitioner's claim and explained why interim fees and costs were appropriate at that time. Id. at 1-2. The decision evaluated the reasonableness of the requested fees and costs, including the costs associated with compensating two of petitioner's treating physicians. Id. at 3-4. The decision provided that the undersigned "intends to post this ruling on the website of the United States Court of Federal Claims," and "as provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction." Id. at 1, n.1. The docket entry specified that redactions to the decision were due by January 11, 2017. On December 29, 2016, petitioner's counsel filed the parties' joint notice renouncing the right to seek review of the decision. Joint Notice (ECF No. 54). Neither party filed a motion for redaction or otherwise contacted the Court regarding redaction. The decision was made public on January 27, 2017, and was published on the Court's website. Public Decision (ECF No. 59).

On June 1, 2017, petitioner filed a motion to redact his name from the decision granting interim attorneys' fees and costs, pursuant to Vaccine Rule 18(b). Petitioner's Motion (ECF No. 71). Petitioner states that he was "unaware of the Decision, given that it pertained to attorneys' fees and costs." Id. at 1. He states: "the decision briefly references [his] medical conditions and lists his treatment providers, information which [he] would prefer to remain confidential given the impact it may have on his employability and on prospective views of his suitability to treat them as patients." Id. For these reasons, petitioner requests to redact his name from the published decision. Id.

On June 2, 2017, respondent filed a response to petitioner's motion. Respondent's Response (ECF No. 72). Respondent notes that petitioner's motion is untimely. Id. at 1. Further, "the Interim Fee decision has been publicly available for many months, seemingly negating any benefit of redaction at this point." Id. Respondent recommends that "the Court's analysis should focus on whether redaction of the requested information strikes an appropriate balance between petitioner's privacy interest in the information and the public's interest in the interim fee decision". Id. at 1. Respondent then "defers to the Special Master's judgment as to whether petitioner's motion should be granted." Id. at 6.

On June 4, 2017, petitioner filed a reply. Petitioner's Reply (ECF No. 73). Petitioner "concurs with respondent's deferral to the sound discretion of the special master… with respect to petitioner's redaction request." Id. at 1. He acknowledges that his motion is untimely, but states again that "given the Decision related to the award of attorneys' fees and costs, petitioner was not aware of the Decision or the medical information contained therein until very recently." Id. He states that "continued" publication of this information constitutes "a clearly unwarranted invasion of personal privacy," and that the petitioner and the government's interests can be better balanced by redacting petitioner's name. Id. at 1-2. This matter is now ripe for adjudication.

**II.  Discussion**

A motion for redaction is governed by section 12(d)(4)(B) of the Vaccine Act. See 42 U.S.C. §300aa-12(d)(4)(B). That section provides that information concerning "medical files and similar files" may be redacted if its disclosure "would constitute a clearly unwarranted

invasion of privacy." Id. What constitutes a "clearly unwarranted invasion of privacy" requires balancing petitioner's "right of privacy against the public purpose of the Vaccine Act." W.C. v. Sec'y of Health & Human Servs., 100 Fed. Cl. 440, 460 (2011), aff'd on non-relevant grounds, 704 F.3d 1352 (Fed. Cir. 2013)); see also Langland v. Sec'y of Health & Human Servs., No. 07-36V, 2011 WL 802695 (Fed. Cl. Spec. Mstr. Feb. 3, 2011), mot. for rev. denied on non-relevant grounds, 109 Fed. Cl. 421 (2013). While a petitioner has an interest in keeping sensitive medical or other embarrassing information private, the public has an interest in disclosure, so as to increase awareness of vaccines and the medical conditions they may cause. Id. at 461. In other words, sensitive information is often the subject of the litigation, and "in cases where sensitive information is the subject of the dispute, that information is routinely disclosed in decisions, to enable the reader to follow and understand the decision maker's rationale." Castagna v. Sec'y of Health & Human Servs., 2011 WL 4348135, *13 (Fed. Cl. Spec. Mstr., Aug. 25, 2011).

However, a decision is not made public instantly. Under Vaccine Rule 18(b), the Court holds a decision for 14 days to "afford each party an opportunity to object to the publication of any information… which would constitute a clearly unwarranted invasion of privacy." An objecting party is required to "provide the court with a proposed redacted version of the decision." Vaccine Rule 18(b) clearly provides: "In the absence of an objection, the entire decision will be made public."

In this case, petitioner's motion is untimely. The decision awarding interim attorneys' fees and costs and the docket text made clear that any redactions were due within 14 days, no later than January 11, 2017. See Decision - Interim Attorneys' Fees and Costs at 1, n. 1. However, petitioner did not file a timely motion for redaction or request an extension of time to do so. The decision was made public on January 27, 2017, after which it was posted on the Court's website. Petitioner did not file a motion for redaction until over 3 months later. Petitioner acknowledges that the motion is untimely. However, he does not adequately explain the delay or why he should be allowed to file a motion for redaction out of time.

Furthermore, petitioner does not show a compelling privacy interest outweighing the public interest in keeping the public decision, as it was originally filed, on the Court's website. Respondent correctly notes that the decision has been publicly available for many months, "seemingly negating any benefit of redaction at this point." Respondent's Response at 1.

### III. Conclusion

For the foregoing reasons, the undersigned finds that petitioner has not demonstrated a compelling privacy interest, greater than that of many other petitioners, which would allow him to (1) file a motion for redaction significantly out of time, and (2) redact the decision which has already been published on the Court's website. Therefore, petitioner's motion is **DENIED**.

**IT IS SO ORDERED.**

s/Thomas L. Gowen
Thomas L. Gowen
Special Master

3