# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: July 17, 2018

```
* * * * * * * * * * * * * * * * * * * *
A.P.,                              *
                                   *          No. 14-894v
                   Petitioner,     *
v.                                 *          Special Master Gowen
                                   *
SECRETARY OF HEALTH                *          Interim Costs; Travel
AND HUMAN SERVICES,                *          Attorneys' Fees
                                   *
                   Respondent.     *
* * * * * * * * * * * * * * * * * * * *
```

Nancy Meyers, Ward Black Law, Greensboro, North Carolina, for petitioner.
Lisa Ann Watts, United States Department of Justice, Washington, DC, for respondent.

### DECISION ON INTERIM ATTORNEYS' FEES COSTS[1]

On September 23, 2014, A.P. ("petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program ("Vaccine Act" or "Vaccine Program").[2] Petitioner alleged that he suffered the effects of small fiber neuropathy as a result of receiving an influenza ("flu") vaccination on October 3, 2012. Petition at 5. ECF No.1.

The parties initially entered into settlement discussions; due to the financial complexities of the case, both parties enlisted the help of economists to analyze damages for petitioner's lost wages claim. Joint Status Report filed June 13, 2016. ECF No. 33. Both parties also conferred with Life Care Planners to calculate potential damages for unreimbursed past and future medical expenses. *Id.*

---

[1] Pursuant to the E-Government Act of 2002, see 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." Id. **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On September 14, 2016, the parties filed a joint status report in which they agreed that the case was suitable for alternative dispute resolution ("ADR").  Joint Status Report filed September 14, 2016.  ECF No. 40.  On March 1, 2017, the parties and their life care planners participated in a lengthy mediation with former Chief Special Master Gary Golkiewicz as mediator, but they were unable to reach a resolution.  Joint Status Report file March 8, 2017.  ECF No. 62.

On December 28, 2016, I awarded petitioner a total of $104,326.12 as reimbursement for interim fees and costs.  Decision Granting Interim Attorneys' Fees and Costs.  ECF No. 53.  On June 19, 2017, respondent filed a Rule 4(c) report recommending against compensation.  Respondent's Report ("Resp. Rept.").  ECF No. 76.  Subsequently, on November 14, 2017, petitioner filed a notice associating Lisa A. Roquemore as co-counsel.  Petitioner's Association of Counsel.  ECF No. 87.

Petitioner filed the present motion for reimbursement of interim costs on May 15, 2018.  Petitioner's Interim Application ("Pet. Motion").  ECF No. 99.  Petitioner does not seek reimbursement for interim attorneys' fees at this time.  Pet. Motion. at 1.  Petitioner seeks a total of $50,262.87 in interim costs.[3]

On May 24, 2018, respondent filed a response to petitioner's motion.  Respondent's Response ("Resp. Resp.").  ECF No. 106.  Respondent stated, "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Further, "[r]espondent defers to the Special Master to determine whether or not petitioner has met the legal standard for an interim costs award as set forth in *Avera v. HHS*, 515 F.3d 1343 (Fed. Cir. 2008), and the statutory requirements for an award of attorney's fees and costs under 42 U.S.C. § 300aa-15(e)(1)(A)-(B)."  *Id.* at 2.  Respondent "respectfully recommends that the Special Master exercise his discretion and determine a reasonable award for interim attorney costs."  *Id.* at 3.

On May 25, 2018, petitioner filed a reply to respondent's response stating, "[p]etitioner concurs with respondent's recommendation that Special Master Gowen exercise his discretion and determine a reasonable award for interim costs in this case."  Petitioner's Reply ("Pet. Reply").  ECF No. 107.

This matter is now ripe for adjudication.

## I.  Analysis

### A.  Interim Costs

The special master may, in the exercise of his or her discretion, grant an interim award of reasonable attorneys' fees and costs if the special master finds that the petitioner brought the claim

---

[3] The interim fee application does not include a signed statement by petitioner confirming that she has not paid a retainer to counsel or incurred any other costs in the prosecution of this claim, in accordance with General Order Number 9.  I will not require petitioner to submit such a statement in support of the interim application.  However, petitioner should be sure to submit the General Order Number 9 statement in support of any final attorneys' fees and costs application.

in good faith and with a reasonable basis.  § 300aa-15(e)(1); *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008); *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010).  Special masters have "wide discretion in determining the reasonableness" of attorneys' fees and costs, and may increase or reduce the initial fee award calculation based on specific findings.  *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd,* 33 F.3d 1375 (Fed. Cir. 1994); *see Avera*, 515 F.3d at 1348.

In *Avera,* the Federal Circuit stated, "Interim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained."  515 F.3d at 1352.  In *Shaw,* the Federal Circuit held that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees."  609 F.3d at 1375.

The present case has been pending before the Program since 2014.  Petitioner has since submitted multiple expert reports in support of her claim and engaged with a vocational rehabilitation expert, a life care planner, and an economist.  Pet. Motion at 1.  The costs of retaining and paying the experts has imposed an undue financial burden on petitioner.  *Id.*  I find that there exists a good faith basis for the claim and that petitioner is therefore entitled to a reasonable award of interim costs.  Thus, it is appropriate to award petitioner interim costs due to the substantial costs incurred and the protracted nature of the case.

In addition to reimbursement of expert costs, petitioner also requested reimbursement for costs related to the mediation, travel-related costs, fees assessed by associated counsel, Lisa A. Roquemore, express mail and postage, and photocopies.  Pet. Ex. 77 at 1.  The most substantial costs are the expert costs ($34,500.00) and mediator costs ($11,806.94).  *Id.*  Overall, petitioner's costs are sufficiently documented and appear reasonable.  However, there are a few issues that require further discussion or adjustment.

### 1.   Fees Assessed By Associated Counsel, Law Office of Lisa A. Roquemore

As an initial matter, petitioner submitted attorneys' fees from Lisa A. Roquemore ("Ms. Roquemore") as costs incurred by Ms. Meyers's firm, Ward Black Law.  Pet. Ex. 77 at 27-38.  In this case, it appears Ms. Roquemore participated as a consultant and eventually entered as associated counsel on November 14, 2017.  Petitioner's Association of Counsel.  Additionally, Ms. Roquemore's fees were submitted as costs even after she entered as co-counsel.  *See* Pet. Ex. 77 at 34-35.  For future reference, Ms. Roquemore's fees should be submitted as attorneys' fees, not as costs.  Additionally, Ms. Roquemore's fees should be submitted at the same time as Ms. Meyers' fees so the time logs can be adequately examined for potential duplicative billing.  Because Ward Black Law has paid Ms. Roquemore's fees, we will treat these expenses as Ward Black Law's costs in this instance.  The total number of hours Ms. Roquemore billed (8.9) is reasonable given the complexity of the issues in this case.  The reasonableness of these costs will be assessed by determining whether Ms. Roquemore's requested hourly rates are consistent with reasonable hourly rates according to *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), just as when they are requested as reimbursement of attorneys' fees.

Ms. Roquemore billed at a rate of $409 per hour in 2017.  Pet. Ex. 77 at 28.  While Ms. Roquemore is not typically awarded this rate, the requested rate does fall within the appropriate range set forth in *McCulloch* for an attorney with Ms. Roquemore's experience.  S*ee D.S. v. Sec'y of Health & Human Servs.*, No. 10-077V, 2017 WL 6397826 (Fed. Cl. Spec. Mstr. Nov. 20, 2017) (awarding Ms. Roquemore $400 per hour for work performed in 2016 and 2017); *but see McCulloch*, No. 09-293V, 2015 WL 5634323, at *18 (concluding the appropriate forum range for an attorney with twenty or more years of experience to be between $300 and $425 per hour).  The requested rate is also consistent with the Office of Special Masters Fee Schedule for work performed in 2017.[4]  Thus, I find Ms. Roquemore's requested rate of $409 per hour to be reasonable and will award the requested amount of $3,664.60 in full.

## 2.  Hourly Rate for Travel

It is well-established that hours spent travelling are compensated at 50% of counsel's billing rate, unless the individual documents that he or she was working while travelling.  *See Scott v. Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684 (Fed. Cl. Spec. Mstr. June 4, 2014) (awarding petitioner one-half the normal hourly rate for travel when petitioner's counsel did not assert that he worked on the case during travel); *see also Kuttner v. Sec'y of Health & Human Servs.*, No. 06-195V, 2009 WL 256447 (Fed. Cl. Spec. Mstr. Jan. 16, 2009) (stating that counsel will be awarded one-half his hourly rate for travel, but can be compensated fully if he can establish how much time was devoted to working while travelling).  I applied this same principle to experts for their travel in *Forrest v. Sec'y of Health & Human Servs.*, No. 10-32V, 2018 WL 3029330, at *4 (Fed. Cl. Spec. Mstr. May 22, 2018).

Petitioner's Life Care Planner, Dr. Cynthia L Wilhelm ("Dr. Wilhelm"), submitted an invoice billing at a rate of $250.00 per hour for her services.  On February 28, 2017, Dr. Wilhelm billed $1,000 for "Preparation for Mediation/Travel."  Pet. Ex. 77 at 8.  For future reference, we would prefer that entries such as "hearing/mediation preparation", "hearing/mediation attendance", and "travel" be billed as separate entries in light of the policy of paying travel time at half-rate when it is not show that the individual was working while traveling.  As Dr. Wilhelm asserted that she was working on the case while travelling, I will award the $1,000 in full.  On March 1, 2017, Dr. Wilhelm billed 12 hours for "Mediation/Travel."  The records reflect that the mediation took approximately eight hours.  Pet. Ex. 77 at 21.  Assuming it took Dr. Wilhelm the same amount of time to travel from the mediation as it did to travel to the mediation, she billed for four hours of travel at her full $250.00 per hour rate.  As stated above, it is well-established in the Vaccine Program that travel is compensated at 50% of the individual's normal hourly rate.  Thus, I will award Dr. Wilhelm four hours of travel on March 1, 2017, at half of her requested hourly rate, $125.00 per hour.  **This results in a $500.00 reduction.**

## II.   Conclusion

In accordance with the foregoing, petitioner's application for interim costs is **GRANTED**.  I find that he is entitled to the following reasonable costs:

---

[4] *See OSM Attorneys Forum Hourly Rate Fee Schedules*, available at http://www.uscfc.uscourts.gov/node/2914 (last accessed July 13, 2018).

| | |
|---|---|
| Costs Requested | $50,262.87 |
| Reductions for travel time | -$ 500.00 |
| **Total Costs Awarded** | **$49,762.87** |

Accordingly, I award the following:

1) **A lump sum in the amount of $49,762.87, representing reimbursement for petitioner's interim attorneys' fees and costs, in the form of a check payable jointly to petitioner and his attorney, Nancy R. Meyers, of Ward Black Law.**[5]

In the absence of a motion for reconsideration or a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** herewith.[6]

**IT IS SO ORDERED.**

> **s/Thomas L. Gowen**
> Thomas L. Gowen
> Special Master

---

[5] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered.  Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[6] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.