# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: August 17, 2018

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * | | |
| A.P., | * | |
| | * | No. 14-894v |
| Petitioner, | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs; |
| AND HUMAN SERVICES, | * | Special Master's Discretion; |
| | * | Interim. |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * | | |

Nancy Meyers, Ward Black Law, Greensboro, North Carolina, for petitioner.
Lisa Ann Watts, United States Department of Justice, Washington, DC, for respondent.

### DECISION ON INTERIM ATTORNEYS' FEES COSTS[1]

On September 23, 2014, A.P. ("petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program ("Vaccine Act" or "Vaccine Program").[2] Petitioner alleged that he suffered the effects of small fiber neuropathy as a result of receiving an influenza ("flu") vaccination on October 3, 2012. Petition at 5. ECF No.1.

On December 28, 2016, I awarded petitioner $104,326.12 as reimbursement for interim attorneys' fees and costs. Decision of Special Master – Interim Attorneys' Fees and Costs (ECF No. 53). On July 17, 2018, I awarded petitioner a second award of interim costs in the amount of $49,762.87. Decision of Special Master on Interim Attorney's Fees and Costs (ECF No. 111). On July 30, 2018, petitioner filed a third motion for interim attorneys' fees and costs. Motion for Interim Attorney's Fees and Costs ("Pet. Motion") (ECF No. 115). In the instant motion, petitioner requested reimbursement for attorneys' fees in the amount of $130,053.50. Pet.

---

[1] Pursuant to the E-Government Act of 2002, see 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." Id. **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

Motion at 1. Petitioner does not seek reimbursement for costs at this time. *Id*. Petitioner's counsel should note that I generally do not grant more than one interim fee request, and I prefer that in the future interim fees and costs be included in one request if they are to be requested on an interim basis.

On August 8, 2018, respondent filed a response to petitioner's motion. Respondent's Response to Petitioner's Motion for Interim Attorneys' Fees and Costs (ECF No. 117). Respondent argued that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent "defers to the Special Master to determine whether or not petitioner has met the legal standard for an interim fees and costs award as set forth in *Avera v. HHS*, 515 F.3d 1343 (Fed. Cir. 2008)." *Id.* at 2. Respondent further "respectfully recommends that the Special Master exercise his discretion and determine a reasonable third award for interim attorneys' fees and costs." *Id.* at 3.

Petitioner filed a reply on August 8, 2018, concurring with respondent's recommendation that I exercise my discretion and determine a reasonable award for interim attorney's fees. Petitioner's Reply (ECF No. 118).

This matter is now ripe for adjudication.

The special master may, in the exercise of his or her discretion, grant an interim award of reasonable attorneys' fees and costs if the special master finds that the petitioner brought the claim in good faith and with a reasonable basis. § 300aa-15(e)(1); *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008); *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010). Special masters have "wide discretion in determining the reasonableness" of attorneys' fees and costs, and may increase or reduce the initial fee award calculation based on specific findings. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994); *see Avera*, 515 F.3d at 1348.

In *Avera*, the Federal Circuit stated, "Interim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." 515 F.3d at 1352. In *Shaw*, the Federal Circuit held that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." 609 F.3d at 1375.

The present case has been pending before the Program since 2014 and is scheduled for hearing in January 2021. The protracted nature of this matter has imposed an undue financial burden on petitioner's counsel. Pet. Motion at 1. I find that petitioner's claim was brought in good faith and there exists a reasonable basis for this claim. Petitioner is therefore entitled to a reasonable award of interim costs.

The hourly rates requested by petitioner's counsel are within the appropriate hourly rate ranges established in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) for an attorney of her experience, and those hourly

rates have been awarded to her previously.  *See e.g., Lindman v. Sec'y of Health & Human Servs.*, No. 17–434V, 2018 WL -------, (Fed. Cl. Spec. Mstr. April 24, 2018).

I have reviewed the billing records and invoices submitted with petitioner's motion.  The billing entries reflect the nature of each task performed, the amount of time expended, and the person performing each task.  I find no cause to adjust the time expended.  Thus, the requested attorneys' fees are awarded in full.

In accordance with the foregoing, petitioner's application for attorneys' fees and costs is **GRANTED**.

Accordingly, I award the following:

1) **A lump sum in the amount of $130,053.50, representing reimbursement for petitioner's interim attorneys' fees, in the form of a check payable to petitioner and his attorney, Nancy Meyers, of Ward Black Law.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** herewith.[3]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.